UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KENNETH J. ROSSETTI,<br>    Plaintiff | )<br>)<br>)<br>) |  |
| v. | )<br>) | 1:17-CV11395-GAO |
| CITY OF LOWELL and CHRISTINE P.<br>O'CONNOR, Individually and in Her<br>Capacity as City Solicitor for the<br>CITY OF LOWELL,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>) |  |

## CONFIDENTIALITY AGREEMENT

Kenneth J. Rossetti (the "Plaintiff"), and the City of Lowell and Christine P. O'Connor (the "Defendants," collectively with the Plaintiff, the "Parties"), through the Parties' undersigned counsel, hereby agree that any Party, or any third-party that is subpoenaed for documents, may designate as "Confidential" any information disclosed in this Action by the Party or by any other Party, person, or entity, where the Party has reasonable grounds to believe and in good faith does believe that such documents are confidential. Because this lawsuit concerns, among other things, personnel issues including but not limited to medical status, discipline, and leave, it is anticipated that discovery will include certain documents that are properly designated "Confidential." Further, because this lawsuit is brought against the City of Lowell and the City Solicitor by a former First Assistant City Solicitor/Assistant City Solicitor, and because the Defendants have raised defenses to this suit based upon the Defendants' characterizations of the Plaintiff's job performance, it is anticipated that certain of the documents relevant to the lawsuit will be documents that may, under other circumstances, be withheld from production because they contain communications between the Defendants and one or more present or former employees or agents of the City of Lowell,

including, without limitation, the Plaintiff, that contain legal advice or requests for legal advice. Further, nothing herein expands or contracts the scope of Mass. R. Prof. C.1.6.

1. **"Confidential Information" Defined**

For the purposes of this Agreement, "Confidential Information" shall mean documents, information and materials disclosed during discovery in this action entitled <u>Rossetti v. City of Lowell, et al.</u>, United States District Court for the District of Massachusetts, C.A. No. 1:17-CV11395-GAO (the "Action"), which have been designated by any party ("Designating Party") as being "Confidential" because they contain sensitive information including but not limited to medical records, tax returns, personnel issues such as medical status, discipline, and use of leave and which the Designating Party in good faith believes is reasonably likely to lead to injury to the Designating Party if it is subject to being disclosed. Further, for the purposes of this Agreement only, "Confidential Information" shall include documents, information and materials disclosed during discovery to which the attorney-client privilege or the work product doctrine attaches, but that is provided for use in this lawsuit only due to the fact that such documents or information were authored by, generated by, or known to the Plaintiff during his time of employment as an attorney for the City. Production of such documents expressly does not constitute a waiver of the attorney-client privilege or work product doctrine, which will otherwise be asserted where appropriate.

A Party's failure to designate a document, thing, or testimony as "Confidential" does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony, provided that any disclosure of information prior to its designation as "Confidential" shall not be considered a violation of this agreement.

2. **Use of Confidential Material**

All Confidential Information shall be used solely in connection with, and only as necessary to, the Action and the preparation and trial of the Action and not for any other purpose.

Accordingly, no Party or person shall disclose or disseminate documents or information deemed by the Designating Party to be confidential except as provided in paragraph 4 below.

**3. Persons to Whom Disclosure of Confidential Information is Permitted**

Except with the prior written consent of the Designating Party, Confidential Information may be disclosed only to the following persons:

- a. Attorneys representing the Parties, and their paralegal and clerical assistants;
- b. The Court, the Court's law clerks, stenographers, and other Court personnel;
- c. Parties to this Action;
- d. Witnesses and potential witnesses whose viewing or use of Confidential Information is necessary and pertinent to their testimony or to the investigation of their knowledge and potential testimony, but only after each such person has completed and certified the Acknowledgment of Understanding and Agreement to Be Bound attached hereto, and providing that, where the witness concerned is <u>not</u> a member or former member of the City of Lowell's Law Department, or a current employee of the City of Lowell, any documents or information proposed to be shown to the witness is presented to the opposing party first for purposes of targeted redaction of material to which attorney-client privilege or work product doctrine attaches as a consequence of Plaintiff's former employment status;
- e. Persons retained as expert witnesses or mediators, but only after each such person has completed and certified the Acknowledgment of Understanding and Agreement to Be Bound attached hereto;
- f. Persons specifically contracted for the limited purpose of making copies of documents or organizing or processing documents but only after each such

3

person has completed and certified the Acknowledgement of Understanding and Agreement to be Be Bound attached hereto;

    g. Court reporters during depositions in the Action; and

    h. Any other person mutually agreed to in writing by the Parties.

In the event that the Designating Party objects to the proposed disclosure, use or distribution of the Documents, or the information contained therein, to any individual or entity other than those referred to in the preceding paragraphs, the Designating Party shall provide written notification of such objection and the grounds therefore, and if such dispute is not resolved on an informal basis, shall promptly submit such objection to the Court for ruling. There shall be no disclosure or distribution of discovery designated as Confidential, as defined herein, to persons or entities other than those permitted by this Agreement pending a resolution of the dispute, either on an informal basis between the parties' respective legal counsel or by a ruling of the Court.

**4. Submission of Confidential Information to the Court**

The Party or Parties filing any documents and materials with the Court containing or reflecting the contents of Confidential Information shall give seven business days' notice, or a lesser time that is mutually agreed to, to all Parties prior to said filing. Upon receipt of such notice, a Party wishing to impound said Confidential Information may file an appropriate motion with the Court seeking an impoundment order. The Designating Party bears the burden of proving that the information is properly designated as "Confidential". In the event such an application is made, the information shall remain subject to the Designating Party's designation until the Court rules on the matter. The Parties will attempt to come to agreement and will follow applicable court rules in submitting documents designated "Confidential" to the Court under seal, and a Party shall not unreasonably oppose a motion to file documents designated "Confidential" under seal.

Nothing herein shall affect the right of a Party to move for the admission in evidence of any documents designated "Confidential," subject to providing the Designating Party reasonable notice in order to afford it an opportunity to protect the confidentiality of such documents.

**5. Deposition Use**

If Confidential Information is used or discussed in any deposition, the portion of the transcript of the deposition referring to or discussing the Confidential Information shall, at the election of the Party asserting the claim of confidentiality, be separately bound, marked "Confidential" and treated thereafter as Confidential Information. A Party may make such designation on the record during a deposition, or within fourteen (14) business days following the date of receipt of the transcript of the deposition. Prior to expiration of the fourteen business days, all Parties will presume that deposition transcripts and corresponding exhibits, if any, are confidential, treat such transcripts and exhibits as Confidential in accordance with the terms of this Order, and will confer in the event that any transcripts or portions thereof are intended to be filed with the Court.

**6. Responsibility in Responding to Process from Third Parties**

In the event disclosure of any Confidential Information is sought from a receiving Party pursuant to a lawful subpoena, demand by governmental authority or other legal process, that Party shall, promptly upon receipt of such request, notify the Designating Party and its counsel by telephone or telecopy of the request. The Designating Party shall thereafter, within five business days, inform the receiving Party whether the Designating Party will seek a protective order or otherwise take action to prevent the disclosure. Should the Designating Party so inform the receiving Party, the receiving Party will, until the final resolution of the Designating Party's action, cooperate with the efforts of the producing Party to prevent disclosure, provided, however, that the

Designating Party acts promptly, expeditiously and at its own costs to protect its asserted claim of confidentiality.

7. **Right to Challenge Designation**

Any Party shall have the right to challenge any designation of confidentiality by the Designating Party by making an application to the Court that the Confidential Information not be treated as confidential. Before seeking relief under this paragraph, the Parties shall make a good faith effort to resolve any dispute concerning the confidential treatment of any document. Failure to contest a designation of information as Confidential is not an admission that the information was properly designated as such.

8. **Continuing Effect of Agreement**

The provisions of this Agreement shall not terminate at the conclusion of the Action. At the conclusion of the Action, the Designating Party may request the return or destruction of any documents containing Confidential Information. This Agreement shall continue in effect after the conclusion of this Action, subject to further agreement of the Parties or order of the Court.

9. **Modification of Agreement**

This Agreement may be modified in the event that the Parties agree in writing to a modification of the provisions herein and submit a proposed modified agreement for the Court's approval and order. Such proposed modification shall not be in effect until the Court has endorsed such modification, and the parties to this Action shall abide by the unmodified terms until such time as the Court orders an amendment unless otherwise mutually agreed-to in writing.

10. **No Obligation with Respect to Party's Own Confidential Information**

The Agreement shall not impose any obligations on a Designating Party with respect to material deemed by the Designating Party to be Confidential Information.

11. **No Admissions**

Nothing herein shall (a) be construed as an admission that any document, information or material is entitled to confidential protection, or operate as an admission by any Party that any document, information or material is entitled to confidential protection, or operate as an admission by any Party that any document, information or material produced in the Action contains or reflects trade secrets or any other type of confidential information; (b) prejudice in any way the rights of any Party to object to the production of documents, information or material it considers to be not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information within the meaning of this Agreement; (c) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document subject to this Agreement; (d) prejudice in any way the rights of any Party to seek a protective order relating to any purportedly Confidential Information; or (e) prevent the Parties from agreeing to alter or waive the provisions or protections provided herein with respect to any particular document, information or material.

**12. Inadvertent Production**

If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, separate and apart from those documents discussed above that were authored by, generated by, or known to the Plaintiff during his time of employment as an attorney for the City, are inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other proceeding. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly

7

notifying the Recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material within five (5) business days of the time such inadvertent disclosure has come to its attention. The Recipient(s) shall gather and return all copies of such documents, information or other material to the producing party, or shall destroy such documents and certify as such to the producer. The Recipient's return and/or destruction of such documents shall not constitute an admission by the Recipient that such documents are privileged. Further, the Recipient reserves the right to contest the assertion of privilege or other protection with respect to any document.

**13. Conclusion of the Action**

At the conclusion of the Action, the Designating Party has the right to request that, to the extent permitted under Massachusetts law, all documents and information subject to this Agreement be returned or destroyed. Counsel of record may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain documents or information, or portions thereof, subject to this agreement. Such retained copies will remain subject to the restrictions herein.

**14. Liability for Breach**

Counsel for the Parties shall not be responsible or liable in any way in the event of a breach of this Agreement by any other person or entity.

It is so ordered:

By: /s/ George A. O'Toole, Jr.

George A. O'Toole, Jr.

Judge for the United States District Court, District of Massachusetts.

Date: May 31, 2019

| WE SO MOVE/CONSENT and agree to abide by the terms of this Order | WE SO MOVE/CONSENT and agree to abide by the the terms of this Order |
|---|---|
| */s/ Alfred Gordon O'Connell*<br>Alfred Gordon O'Connell, BBO # 630456<br>Betsy Ehrenberg, BBO # 554628<br>Jillian M. Ryan, BBO # 682214<br>PYLE ROME EHRENBERG PC<br>2 Liberty Square, 10th Floor<br>Boston, MA 02109<br>(617) 367-7200<br>agordon@pylerome.com<br>behrenberg@pylerome.com<br>jryan@pylerome.com<br><br>Dated: April 5, 2019 | */s/ Rachel M. Brown*<br>Rachel M. Brown, First Assistant<br>    Solicitor, BBO # 667369<br>Adam R. LaGrassa, Assistant City<br>    Solicitor, BBO # 685662<br>City of Lowell Law Department<br>375 Merrimack Street, 3rd Floor<br>Lowell, MA 10852-5090<br>(978) 674-4050<br>rbrown@lowellma.gov<br>alagrassa@lowellma.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KENNETH J. ROSSETTI, <br>     Plaintiff <br><br> v. <br><br> CITY OF LOWELL and CHRISTINE P. O'CONNOR, Individually and in Her Capacity as City Solicitor for the CITY OF LOWELL, <br>     Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:17-CV11395-GAO |

**ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE
BOUND TO CONFIDENTIALITY ORDER
<u>GOVERNING CONFIDENTIAL INFORMATION</u>**

I certify that I have read the Confidentiality Order entered in the above-captioned case and that I understand the terms of the Confidentiality Order. I recognize that I am bound by the terms of the Confidentiality Order, and I agree to comply with those terms.

Name: _____

Job Title/Employer: _____

Business address: _____

Date: _____

Signature: _____