UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11395-GAO

KENNETH J. ROSSETTI,
Plaintiff,

v.

CITY OF LOWELL and CHRISTINE P. O'CONNOR,
Defendant.

OPINION AND ORDER
July 10, 2020

O'TOOLE, S.D.J.

The plaintiff, Kenneth J. Rossetti, alleges that he was unlawfully discharged from his position as the First Assistant City Solicitor for the City of Lowell, Massachusetts. The City's co-defendant, Christine P. O'Connor, is Lowell's City Solicitor and served as Rossetti's direct supervisor. Rossetti asserts fourteen counts against the defendants. He has moved for partial summary judgment on his claim that the defendants denied him due process in violation of 42 U.S.C. § 1983 when they terminated his employment without prior notice or a hearing. The defendants have cross-moved for partial summary judgment in their favor on the same claim. Rossetti has also moved for partial judgment on the pleadings as to his claim that the City violated Massachusetts General Laws Chapter 149, Section 148 (the "Wage Act") when it failed to pay him for his accrued, unused vacation time on the date of his discharge. The City concedes that it violated the Wage Act in that respect; however, it has cross-moved to limit Rossetti's damages to the interest accrued during the short time that his payment was delayed.

**I.      Motion and Cross-Motion for Partial Judgment on the Pleadings**

Rossetti's Wage Act claim is easily resolved. Because it is undisputed that the City did not pay Rossetti for his accrued, unused vacation time on the day of his termination, it violated the Wage Act.[1] See Mekonnen v. OTG Mgmt., LLC, 394 F. Supp. 3d 134, 163 (D. Mass. 2019). Accordingly, Rossetti is entitled to "the interest foregone from the delay in payment, which would be trebled under the [Wage] Act." Clermont v. Monster Worldwide, Inc., 102 F. Supp. 3d 353, 358 (D. Mass. 2015) (quoting Dobin v. CIOview Corp., No. 2001-00108, 2003 WL 22454602, at *7 (Mass. Super. Ct. Oct. 29, 2003)); see also Mekonnen, 394 F. at 164 (finding that the plaintiff was entitled to the foregone interest at the trebled rate caused by the delay in payment). Rossetti is also entitled to prejudgment interest, and reasonable attorneys' fees and costs.[2]

**II.     Motion and Cross-Motion for Partial Summary Judgment**

It is undisputed that at the time of his discharge in 2016, Rossetti was employed by the City as the First Assistant City Solicitor, a position not covered by collective bargaining. When he was promoted to First Assistant City Solicitor, the Human Relations Manager notified him of his promotion in a letter that described his new position as an "Ordinance, Non-Union Position."[3] The defendants admittedly did not afford Rossetti a pretermination hearing.

At all relevant times, Chapter 56, Article II, Section 56-(4) of the City Code of Lowell was in effect. Section 56-4(A) reads in pertinent part: "Unless otherwise stated, all full-time positions not covered by collective bargaining, including department heads, confidential employees and

---

[1] It is undisputed that Rossetti was eventually paid in full within a week.

[2] The City contends that the foregone interest should *not* be trebled, and that an award of attorneys' fees and costs is inappropriate. The Court has considered the cases cited by the defendant in support of these propositions and finds them unpersuasive.

[3] Before his promotion, Rossetti was employed by the City as an Assistant City Solicitor.

other nonunion personnel, shall be covered by and receive the benefits provided for in this chapter." Lowell, Mass., Code art. II, § 56-4(A) (1988). Section 56-4(C) specified that

> [t]he satisfactory completion of [a] required probationary period shall not be construed as an employment contract but shall entitle said employee to be terminated thereafter only for just cause . . . .

Id. at § 56-4(C).

Rossetti claims the defendants' failure to give him a pretermination hearing deprived him of due process. "In order to maintain a constitutional due process claim arising out of the termination of his employment, a public employee must first demonstrate that he has a reasonable expectation, arising out of a statute, policy, rule, or contract, that he will continue to be employed." Wojcik v. Massachusetts State Lottery Comm'n, 300 F.3d 92, 101 (1st Cir. 2002) (citing Perkins v. Bd. of Dirs., 686 F.2d 49, 51 (1st Cir.1982)); see also Clukey v. Town of Camden, 717 F.3d 52, 55 (1st Cir. 2013) ("The critical inquiry in a procedural due process case involving a right of employment is whether the plaintiff has a legitimate claim of entitlement grounded in state law"). "[O]rdinarily, one who can be removed only for 'cause' has a constitutionally protected 'property' interest" in his employment. See Wojcik, 300 F.3d 92 at 102 (quoting Perkins, 686 F.2d at 51). Because Section 56-4(C) specifically provided that employees like Rossetti could be terminated only for "just cause," Rossetti had a property interest in his continued employment with the City and was entitled to a pretermination hearing.[4] He was thus entitled to "'some kind of hearing' and

---

[4] The defendants argue that Rossetti does not have a legitimate claim of entitlement to his employment because the Lowell City Ordinance upon which he bases his claim, Section 56-4(C), was invalid as a matter of law. In their view, Section 56-4(C)'s "just cause" provision encroached on the removal powers of the city manager prescribed by Lowell's Plan E charter. See Massachusetts General Laws Chapter 43, Sections 103–105. However, because there is no "sharp conflict" between Section 56-4(C) and the statutory sections that set forth the removal powers of a city manager, this argument lacks merit. Section 56-4(C) (since repealed) was valid under Massachusetts law. See Easthampton Sav. Bank v. City of Springfield, 21 N.E.3d 922, 929 (Mass. 2014) (citing Bloom v. Worcester, 293 N.E.2d 268, 279 (Mass. 1973)).

'some pretermination opportunity to respond.'" Id. at 101-102 (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). Because it is undisputed that Rossetti did not receive a pretermination hearing, he was not afforded the process that he was due under the Constitution, and he is entitled to partial summary judgment as to the defendants' liability under this count.

For all the foregoing reasons, the plaintiff's Motion for Partial Summary Judgment as to Liability on Count III (dkt. no. 74) is GRANTED. The defendants' Cross-Motion for Partial Summary Judgment on Count III and Request for Additional Discovery (dkt. no. 80) is DENIED.[5]

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge

---

[5] The resolution of these motions disposes of the affirmative defenses that the defendants added to their answer via their Motion for Leave to Amend Answer to Plaintiff's Amended Complaint (dkt. no. 100).